UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSHUA FOX, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION H-12-3726 |
| § | |
| WESTERN TALK, L.C., § | |
| WESTERN PAGING AND VOICEMAIL, § | |
| and DANIEL L. SHEPPARD § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff Joshua Fox's ("Fox") motion for conditional certification and request to send notice to potential class members. Dkt. 16. Having considered the motion, response, reply, evidence of record, and applicable law, the court is of the opinion that the motion should be GRANTED in part and DENIED in part.

**I. BACKGROUND**

In this Fair Labor Standards Act ("FLSA") case, plaintiff claims that defendants failed to pay overtime compensation to him and other sales representatives. Defendant Daniel Sheppard ("Sheppard") is the owner of Western Paging and Western Talk. Dkt. 1 at ¶16. Sheppard owns and operates twelve stores in the Houston area. Dkt. 18 at ¶ 2. Fox worked as a sales representative at the Conroe and the Woodlands store locations from approximately June 2011 through November 2011.[1] Dkt. 1 at ¶19; Dkt. 18 at ¶ 5. He alleges that he and other sales representatives frequently worked over forty hours per week without being paid overtime. Dkt. 1 at ¶¶ 22-29.

---

[1] In Fox's declaration, he states that he worked for defendants from July 2011 until December 2011. Dkt. 18 at ¶ 4.

Fox moves for conditional class certification of "all current and former Sales Representatives and Sales Associates who were employed by defendants and not paid overtime wages for hours worked more than 40 in a week during the three years preceding the filing of this action." Dkt. 16 at 1. Fox is aware of seventeen other sales representatives, and defendant employs more than fifty sales representatives in total who potentially may not have been paid the required overtime. *Id.* at 3-4. To date, there have been eleven opt-ins who have filed their consents to sue. Dkts. 12, 14, 23, 28, 29. 33-36. In support of his motion, plaintiff also filed a total of four declarations. Dkts. 17-20. In the declarations, Fox and three opt-in plaintiffs, Nathalie Mata, Juan Cantu, and Colby Vaughn described their employment histories with the defendants, including their job responsibilities, compensation, and schedules. *Id.* The declarants asserted that they worked in excess of 40 hours per week without being paid overtime. *Id.* Defendants object to certifying the class because they claim that the proposed class members are not "similarly situated." Dkt. 26 at 2-5.

Fox also requests that the court approve the proposed notice to send to members of the putative class, describing their right to join this lawsuit for claims of unpaid overtime compensation. Dkt. 16*,* Ex. 1. Defendants object to the contents of the notice and the means by which it should be distributed.

## II. LEGAL STANDARD

Section 207(a)(1) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of forty hours. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. *Id.* § 216(b). Section 216(b) also permits an employee to bring suit against an employer on "behalf of himself . . . and other employees similarly situated." *Id.* Employees who

wish to participate in a § 216(b) collective action must affirmatively "opt in" by filing with the court a written consent to become a party. *Id.*

Although the Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or permit notice in a § 216(b) action, most federal courts (including this court) have adopted the *Lusardi* test when deciding these issues. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995) (approving the district court's use of the test applied in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), but declining to adopt a specific standard), *overruled on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91, 123 S. Ct. 2148 (2003); *Badgett v. Tex. Taco Cabana, L.P.*, H-05-3624, 2006 WL 2934265, at *1-2 (S.D. Tex. 2006).

Under the *Lusardi* test, a district court approaches the question of whether the potential plaintiffs are "similarly situated" through a two-stage analysis, the "notice stage" and the "decertification stage." *Mooney*, 54 F.3d at 1213; *Badgett*, 2006 WL 2934265, at *1. At the notice stage, the court makes a decision, usually based solely on the pleadings and any submitted affidavits, whether to certify the class conditionally and give notice to potential class members. *Mooney*, 54 F.3d at 1214. The decision is made using a "fairly lenient standard" because the court often has minimal evidence at this stage of the litigation. *Id.* At the notice stage, "courts appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan . . . ." *Id.* at 1214 n.8.

If the district court conditionally certifies a class and authorizes notice, putative class members are notified of their opportunity to opt in as plaintiffs under § 216(b). *Id*. at 1214. The action then proceeds as a representative action during discovery. *Id*. After notice has issued, the opt-in period has concluded, and discovery is largely complete, the court will reexamine the class, usually on motion by the defendant, at the "decertification stage." *Id.* If the court finds the class is

no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the action to proceed. *Id.*

In the present case, Fox asks the court to conditionally certify the class of sales representatives employed by defendants. While the notice stage standard is lenient, certification is not automatic. *Badgett*, 2006 WL 2934265, at *1. The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id.* To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co.,* No. G-08-504, 2008 WL 2220394, at *6 (S.D. Tex. 2008).

A court may deny conditional certification and notice "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Maynor*, 2008 WL 2220394, at *5 (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). However, the court "need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated." *Id.* at *7 (quoting *Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 106 (D. Conn. 2007)). The remedial nature of the FLSA and § 216 "militate strongly in favor of allowing cases to proceed collectively." *Roussell v. Brinker Int'l, Inc.*, No. H-05-3733, 2008 WL 2714079, at *24 (S.D. Tex. July 9, 2008).

### III. ANALYSIS

**A. Conditional Certification**

Defendants first argue that the proposed class members are not similarly situated. Dkt. 26 at 1. Defendants specifically assert that these individuals are not similarly situated in terms of their job requirements and pay provisions. *Id.* at 3. Further, defendants state that the declarations submitted by plaintiff are not representative of all locations because they only include the statements of employees from two Western Talk store locations. *Id.* at 4. The other sales representatives identified in the declarations are also only from these same two locations. *Id.*

After considering the declarations submitted, the court finds that plaintiff has presented sufficient evidence of similarity among the members of the proposed class to conditionally certify. The declarations provide that each sales representative was primarily responsible for selling "cell phones, cell phone equipment, and service plans to defendant's customers." Dkt. 17-20. Each declarant also stated that all sales representatives would have the same pre- and post- shift requirements, including checking the inventory, cleaning the store, filing paperwork, and putting away cell phones. *Id.* Although the declarations only include employees of two locations, they confirm that defendant's policies applied to sales representatives at all locations, making conditional certification for all locations appropriate. Dkt. 17 at 4-18.

Defendants also argue that half of the named individuals are or were store managers, and consequently, are excluded from the scope of FLSA. Dkt. 26 at 4-5. It is well established, however, that exemptions are merit-based and not relevant at the notice stage. *See, e.g.*, *Coffin v. Blessey Marine Servs., Inc.*, H-11-0212, 2011 WL 1103795, at *3 (S.D. Tex. 2011) (denying the defendant's request for discovery on the merits relating to an exemption at the conditional certification stage);

*Dreyer v. Baker Hughes Oilfield Ops., Inc.*, No. H-08-1212, 2008 WL 5204149, at *2 (S.D. Tex. 2008) (holding that defendant's argument that FLSA exemptions counsel against conditional certification fails "because exemptions are merits-based defenses to an FLSA claim" and thus the "possible applicability of one or more of them cannot defeat conditional certification"); *Foraker v. Highpoint Sw., Servs.*, No. H-06-1856, 2006 WL 2585047, at *4 n.16 (S.D. Tex. 2006) (rejecting defendant's argument that conditional certification was inappropriate because the plaintiffs were supervisors and exempt under the executive exemption because the argument went "to the merits of whether the employees are exempt . . . and is not a persuasive basis to deny notice"). The court will not consider defendants' merits-based arguments at this stage. Thus, the court finds that plaintiff has met his burden to allow conditional certification of this class.

**B.   Notice**

    **i.   Scope**

Defendants object to the scope and substance of plaintiff's proposed notice. Dkt 26 at 5. In their objection to the scope of the information requested by plaintiff, defendants argue that they should not be required to provide telephone numbers, e-mail addresses, or partial social security numbers for the putative class members. *Id.* at 6. Instead, they argue they should only be required to provide names and addresses. *Id.* The court agrees.

At the conditional certification stage, discovery of the names and addresses of potential class members is appropriate. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482 (1989). Plaintiff has not demonstrated any need for the additional information at this stage of the case. In the event that plaintiff is unable to contact the potential class members because notice forms are returned as undeliverable, the court may consider the dissemination of partial social security numbers and/or e-mail addresses for accomplishing notification.

Defendants also oppose the number of potential class members the plaintiff seeks to notify, arguing that they should only be required to mail notices to employees within the statutory two-year period. Dkt. 26 at 6. The statute of limitations in a FLSA case is two years, except in cases of willful violations, for which the limitations period is three years. 29 U.S.C. § 255(a). When a plaintiff alleges a willful FLSA violation, notice is proper for potential class members employed by the defendant within the full three-year period. *Lopez v. Sam Kane Beef Processors, Inc.*, No. CC-07-335, 2008 WL 565115, at *2 (S.D. Tex. 2008). Plaintiff has pled a willful FLSA violation. Dkt. 1 at ¶¶ 19-30. Accordingly, the court authorizes the notice to be sent to all potential class members who have been employed by defendants within three years of the filing of this action.

Defendants further object to plaintiff's request to post notice at their twelve stores. Dkt. 26 at 6. The court agrees that these postings would not facilitate notice in this case and would be duplicative of the mailing. *See In re Wells Fargo Wage and Hour Emp't Practices Litig. (No. III)*, No. H-11-2266, 2012 WL 2180014, at *2 (S.D. Tex. 2012) (finding "the postings would thus merely be supplemental to the mailed notice and are therefore overly intrusive"). Defendants also dispute that mailing a follow-up postcard to potential class members would be appropriate. Dkt. 26 at 7. The court does not find reminder notices are necessary in this instance, and plaintiff has not identified any reason why a single mailing is insufficient to accomplish notice.

    **ii. Substance**

Defendants request that plaintiff's proposed notice be modified substantively as well. Dkt. 26 at 7. The first modification requested is the inclusion of the contact information for defendants' counsel. *Id.* Plaintiff argues this can be potentially misleading and confusing. Dkt. 27 at 4. The FLSA opt-in notices often contain the names of all counsel, clearly identifying which party each attorney represents and which attorneys should be contacted to join the lawsuit. *Gonzalez v.*

*Ridgewood Landscaping, Inc.*, No. H-09-2992, 2010 WL 1903602, at *8 (S.D. Tex. 2010). Accordingly, the court will allow this modification.

Defendants also ask that the notice be modified to inform potential class members of possible obligations of opting in, such as responding to written discovery, being deposed, and paying costs if they do not prevail. Dkt. 26 at 7-8. Plaintiff argues that this is "designed to discourage participation in the collective action." Dkt. 27 at 4. Many courts have declined to include such warnings in the notice. *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 607 (W. D. Wis. 2006) (collecting cases). The FLSA is silent with respect to fee shifting for prevailing defendants, so there is no reason to warn prospective plaintiffs that they may be responsible for defendants' costs. *Id.* Further, such a warning is also contrary to FLSA's remedial purpose because it may chill participation in the collective action. *Id.* Therefore, defendants' request for such modifications is denied.

Further, defendants argue that the notice should inform potential class members that they may obtain other counsel. Dkt. 26 at 8. The notice already contains similar language. Dkt. 16, Ex. 1 ("You have a right to consult with another attorney about this matter"). The court will not require redundant language.

If the court certifies the conditional class, defendants also request the appointment of an independent third party to distribute the notices. Dkt. 26 at 8. Defendants have not shown any reason justifying this request. This would add unnecessary time and expense to the litigation. *See McKeen-Chaplin v. Provident Sav. Bank, FSB,* No. 2:12-CV-03035, 2013 WL 4056285, at *8 (E.D. Cal. 2013) (denying defendant's request for an independent third party because defendant did not show an appropriate reason for it).

Finally, defendants ask that plaintiff's counsel provide an updated list of opt-ins, as well as a list of all notices sent prior to this court order. Dkt. 27 at 8. Defendants can obtain this information through discovery. Consequently, defendants' request is denied.

## IV. CONCLUSION

For these reasons, Fox's motion to conditionally certify a FLSA collective action and send notices to the potential class members (Dkt. 16) is GRANTED in part and DENIED in part as set forth above.

It is further ORDERED that, within fourteen (14) days from the entry of this order, defendants shall provide plaintiff the full names and last known addresses for all individuals employed by defendants as sales representatives for the last three (3) years preceding the filing of this action for purposes of facilitating the mailing of notices. The proposed notice shall be in the form proposed by plaintiff, except it should also include defendants' counsel's information.

By this order, the court will also GRANT plaintiff's motion to strike. Dkt. 38. Defendants' supplemental response (Dkt. 37) is hereby STRICKEN from the record.

It is so ORDERED.

Signed at Houston, Texas on October 28, 2013.

_____
Gray H. Miller
United States District Judge